SOUTHERN RAILWAY EMPLOYEES CREDIT UNION, Plaintiff,

v.

Michael L. THORNBURG, Administer of the Estate of Howard Karl Thornburg, Defendant-Appellant,

and

Eula Mae Lindsey, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

July 6, 1984.

Permission to Appeal Denied by Supreme Court Oct. 29, 1984.

David L. Buuck, Knoxville, for defendant-appellant.

William P. Newkirk and Barry K. Maxwell, Knoxville, for defendant-appellee.

OPINION

PARROTT, Presiding Judge.

The Southern Railway Employees Credit Union brought this interpleader action to decide rights in two accounts held jointly by Howard Thornburg and Eula Lindsey. Both Thornburg's heirs and Lindsey claim the "Special Account" which was created without an explicit right of survivorship. The chancellor held that Lindsey did have a

right of survivorship and the heirs appealed here.

The proof shows that both Thornburg and Lindsey were employed and both contributed to the accounts. Thornburg and Lindsey originally held only one account, created by a signature card which explicitly included a right of survivorship. They shifted funds from the first account to open the second, "Special Account" only because it yielded greater interest. The second signature card, printed by the Credit Union, was for "Howard K. Thornburg *or* Eula Mae Lindsey," but contained no explicit right of survivorship. Proof also shows Thornburg had remarked to his sister that Lindsey would own the account on his death.

The appellee relies here on the unpublished case of *In re Estate of Tucker*, Tennessee Appeals, Davidson Probate, filed October 31, 1980. In *Estate of Tucker*, Judge Todd wrote that the word "or" in a bank account agreement payable to one party *or* another gives rise to a presumption

> of intent to create a survivorship. If a contract is made payable to one party *or* the other, then, presumptively each party has the right to exercise ownership during the survival of both; but, upon the death of one, it must be presumed that the survivor is the sole owner.

We find it unnecessary to reach the presumption issue. However, we do believe that the language to "Howard K. Thornburg *or* Eula Mae Lindsey" creates an ambiguity about the parties' intent in re survivorship. Because of their ambiguity, the chancellor was justified in resorting to extrinsic evidence concerning the parties' intent. That extrinsic proof showed that all three parties, the Credit Union, Thornburg, and Lindsey, intended that Lindsey have a right of survivorship.

We conclude that the chancellor's finding is supported by a preponderance of the evidence and it is hereby affirmed in all respects. Costs are taxed to the appellant.

GODDARD and FRANKS, JJ., concur.

## OPINION ON PETITION TO REHEAR

PARROTT, Presiding Judge.

Appellant has filed a petition to rehear, charging that the Court's opinion incorrectly stated the facts and misapprehends the law in Tennessee.

The opinion states: "Thornburg had remarked to his sister that Lindsey would own the account on his death." Appellant correctly asserts that this statement is erroneous. More accurately, Thornburg remarked to his sister that Lindsey would own a different account, the corpus of which later formed the res of the contested account.

We find that appellant's other contentions are without merit and that the misstatement of facts has no material effect on the outsome of this case.

We, therefore, deny appellant's motion to rehear.

GODDARD and FRANKS, JJ., concur.